1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

11

12

13

14

15

AILA CURTIS, et al.,

Plaintiffs,

v.

JAY ROBERT INSLEE, PEACEHEALTH,
LIZ DUNNE, DOUG KOEKKOEK,

Defendants.

CASE NO. 3:23-cv-05741-RJB

ORDER GRANTING DEFENDANT
INSLEE'S MOTION TO DISMISS

16      This matter comes before the Court on Washington State Governor Jay Robert Inslee's

17   Motion to Dismiss.  Dkt. 18.  The Court has considered the pleadings filed regarding the motion

18   and the file herein.

19      This case arises from Defendants' COVID-19 vaccine mandates for healthcare workers.

20   Dkt. 8.  Gov. Inslee moves the Court to take judicial notice of certain facts and moves to dismiss

21   the claims against him pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6).  Dkt. 18.  For the reasons

22   provided below, the motions (Dkt. 18) should be granted.

23

24

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

## I.    MOTION FOR JUDICIAL NOTICE, FACTS AND PROCEDURAL HISTORY

### A.  SOURCES OF THE FACTS TO BE CONSIDERED ON THE MOTION TO DISMISS AND GOV. INSLEE'S MOTION FOR JUDICIAL NOTICE

When evaluating the sufficiency of a pleading under Rule 12(b)(6), a court reviews the allegations in the complaint and any attachments or documents incorporated by reference.  *Koala v. Khosla,* 931 F.3d 887, 894 (9th Cir. 2019).  "Certain written instruments attached to pleadings may be considered part of the pleading.  Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint it the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Although for purposes of a motion to amend or for a motion to dismiss the court ordinarily credits the allegations in the complaint as true, it need not "accept as true allegations that contradict matters properly subject to judicial notice," or in a complaint's attachment, or incorporated by reference into the complaint.  *Gonzalez v. Planned Parenthood of Los Angeles,* 759 F.3d 1112, 1115 (9th Cir. 2014); *Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1295-96 (9th Cir. 1998)(the court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint").

Pursuant to Federal Rule of Evidence 201(b): "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned."

The facts are taken from the Amended Complaint, its attachments, and facts subject to judicial notice.  Where judicial notice is taken, it will be designated.  Additionally, some general background information will be taken from court decisions.

ORDER GRANTING DEFENDANT INSLEE'S MOTION TO DISMISS - 2

1

**B.  BACKGROUND FACTS**

2

      1.  <u>COVID-19, Emergency Use Authorizations for Vaccines, and Vaccine Program</u>

3

      COVID–19 is a "highly contagious, dangerous, and . . . deadly disease."  *Biden v.*

4

*Missouri*, 595 U.S. 87, 93 (2022).  The COVID-19 pandemic posed significant challenges for

5

federal and state governments.  Dkt. 8.  Beginning in February of 2020, Gov. Inslee declared a

6

state of emergency and issued several public health and safety proclamations.  *Flower World,*

7

*Inc. v. Sacks*, 43 F.4th 1224, 1227 (9th Cir. 2022).

8

      In December of 2020, the Federal Drug Administration ("FDA") granted emergency use

9

authorization ("EAU") for the Pfizer-BioNTech ("Pfizer-BioNTech") two-dose mRNA vaccine

10

for individuals 16 and older and for the Moderna two-dose mRNA vaccine for individuals 18

11

years and older.  Dkt. 8.  On December 21, 2020, Pfizer-BioNTech received conditional

12

marketing authorization in the European Union ("EU") for its COVID-19 vaccine, marketed as

13

COMIRNATY®.  *Id.*  On February 27, 2021, the FDA granted EAU for the Johnson & Johnson

14

vaccine for individuals 18 and older.  *Id.*

15

      The Amended Complaint alleges that Gov. Inslee voluntarily agreed to participate in the

16

Center for Disease Control and Prevention's ("CDC") COVID-19 Vaccination Program.  Dkt. 8

17

at 20.  It further contends that "[a]lthough the CDC states that Defendants are engaged in a

18

'Vaccination Program,' the CDC has relied exclusively on investigational drugs to administer its

19

COVID-19 Vaccination Program Provider Agreement ("Provider Agreement), which means no

20

one has received a true vaccine against any COVID-19 virus."  *Id.*

21

      Even after vaccines became available, the pandemic continued, with the virus mutating

22

into various strains.  *Does 1-6 v. Mills*, 16 F.4th 20, 26 (1st Cir. 2021), cert. denied sub nom.

23

*Does 1-3 v. Mills,* 142 S. Ct. 1112 (2022).  In the United States, the summer of 2021 saw the

24

emergence of a highly contagious COVID variant referred to as the "Delta" variant. *Id.*  COVID

cases, hospitalizations and deaths rose sharply. CDC, *COVID Data Tracker,*

https://covid.cdc.gov/covid-data-tracker/#trends_weeklyhospitaladmissions_select_00 (last

visited December 13, 2023); https://covid.cdc.gov/covid-data-

tracker/#trends_weeklydeaths_select_00 (last visited December 13, 2023).

  2. Gov. Inslee's Proclamation, Approval of Pfizer-BioNTech Vaccine, PeaceHealth's
   Policy, and Federal Government's Rule

  On August 20, 2021, Gov. Inslee issued Proclamation 21-14.1, "Covid-19 Vaccination

Requirement," ("Proclamation") which required state workers, workers in an education setting,

and healthcare providers to be fully vaccinated by October 18, 2021, unless they qualified for

medical or religious exemptions.  Dkt. 8-7.

  On August 23, 2021, the Pfizer-BioNTech vaccine, COMIRNATY®, received full approval

for individuals 16 and older.  *FDA Approval Letter* (August 23, 2021),

http://www.fda.gov/media/151710/download (last visited December 13, 2023); *FDA News

Release* (August 23, 2021), https://www.fda.gov/news-events/press-announcements/fda-

approves-first-covid-19-vaccine (last visited December 13, 2023).

  The Plaintiffs' Amended Complaint maintains that the Pfizer-BioNTech vaccine was not

fully approved in August of 2021 and so was, and still is, "experimental."  Dkt. 8.  This

contention was considered and rejected by the court in *Johnson v. Brown*, 567 F. Supp. 3d 1230,

1241 (D. Or. 2021), is belied by the FDA's approval of COMIRNATY®, and the CDC's later

explanation, which provided:

> Pfizer-BioNTech (COMIRNATY®) received U.S. Food and Drug Administration
> (FDA) approval on August 23, 2021, for individuals 16 years of age and older.
> Once vaccines are approved by the FDA, companies can market the vaccines
> under brand names. COMIRNATY® is the brand name for the Pfizer-BioNTech
> COVID-19 Vaccine. Now that the FDA-authorized Pfizer-BioNTech COVID-19

1  vaccine has been approved by the FDA for individuals 16 years of age and older,
it will be marketed as COMIRNATY®. The use of the name Pfizer-BioNTech
2  will still be used for individuals 12-15 years old since this age group has not been
approved. There has been **no change** in the formulation of the vaccine since the
3  name change.

4  *Pfizer-BioNTech COVID-19 Vaccine Overview and Safety (also known as COMIRNATY®)*, Ctrs

5  *For Disease Control & Prevention* (Oct. 28, 2021), https://stacks.cdc.gov/view/cdc/111109

6  (*emphasis in original*) (last visited December 13, 2023).

7       In light of the FDA's actions and the CDC's explanation, Governor Inslee's motion for

8  the Court to take judicial notice that the Pfizer-BioNTech vaccine was approved on August 23,

9  2021 (Dkt. 18) should be granted.  The Pfizer-BioNTech vaccine received approval on August

10 23, 2021.  *We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 283 (2d Cir. 2021)(noting the

11 FDA gave full approval to the Pfizer-BioNTech vaccine for individuals 16 years of age and older

12 on August 23, 2021), cert. denied sub nom. *Dr. A. v. Hochul*, 142 S. Ct. 2569 (2022).  This fact

13 is "accurately and readily determined" from the FDA's approval and CDC's explanation.

14 Federal Rule of Evidence 201(b).  The FDA and CDC are "sources whose accuracy cannot be

15 reasonably questioned."  *Id.*

16      On August 30, 2021, Defendant PeaceHealth issued its "COVID-19 Vaccine

17 Requirement Policy" ("Policy").  Dkt. 8-2.  Like Gov. Inslee's Proclamation, this Policy also

18 required that PeaceHealth employee healthcare workers be "fully vaccinated against COVID-

19 19."  *Id.*  October 15, 2021 was set as the compliance date for full vaccination or approval of

20 medical or religious exemptions under PeaceHealth's Policy.  *Id.*

21      After the deadlines set in both the Proclamation and Policy, on November 5, 2021, the

22 U.S. Secretary of Health and Human Services "issued an interim final rule amending the existing

23 conditions of participation in Medicare and Medicaid to add a new requirement—that facilities

24

ORDER GRANTING DEFENDANT INSLEE'S MOTION TO DISMISS - 5

ensure that their covered staff are vaccinated against COVID–19." *Biden v. Missouri*, 595 U.S.

87, 91 (2022)(*citing* 86 Fed. Reg. 61561, 61616–61627). Under this rule, Medicare and Medicaid

program participants like PeaceHealth must require medical staff be vaccinated against COVID-

19 unless medical and/or religious exemptions are appropriate. *Id.* Further, "[a] facility's failure

to comply may lead to monetary penalties, denial of payment for new admissions, and ultimately

termination of participation in the programs." *Id.* On January 13, 2022, the United States

Supreme Court upheld the rule. *Id.*

## C.  PROCEDURAL HISTORY OF THIS CASE

The plaintiffs are current and former PeaceHealth employees who filed a lengthy complaint

on August 18, 2023.  Dkt. 1.  Although there are over 80 plaintiffs, this is not a class action.  The

defendants are Gov. Inslee, PeaceHealth, a not-for-profit healthcare system headquartered in

Clark County, Washington, and officers of PeaceHealth, Liz Dunne and Doug Koekkoek.  *Id.*

After notice of the complaint's deficiencies, the Plaintiffs were given an opportunity to file

an amended complaint.  Dkt. 7.  The Amended Complaint (Dkt. 8) is the operative complaint

rendering the Plaintiffs' original complaint "without legal effect." *Lacey v. Maricopa County,*

693 F.3d 896 (9th Cir. 2012).  The Amended Complaint asserts federal claims for: (1) violation

of the Fourteenth Amendment's  equal protection rights, (2) violation of the Fourteenth

Amendment's due process rights, (3) violation of the "Spending Clause Doctrine," (4)

"Subjected to Investigational Drug Use," pursuant to 42 U.S.C. § 1983, (5) "Unconstitutional

Conditions Doctrine," (6) "Implied Right of Action 21 U.S.C. § 360bbb-3;" and state law claims

for (7) breach of contract, third party beneficiary, (8) "employment torts," (9) outrage, and (10)

invasion of privacy and defamation of character.  Dkt. 8 at 57-70.

1

## II.   DISCUSSION

2

### A.  STANDARD FOR MOTION TO DISMISS

3

Fed. R. Civ. P. 12(b)(6) motions to dismiss may be based on either the lack of a

4 cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.

5 *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations

6 are taken as admitted and the complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*,

7 717 F.2d 1295 (9th Cir. 1983).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss

8 does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his

9 entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

10 elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55

11 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level,

12 on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id*.

13 at 555.  The complaint must allege "enough facts to state a claim to relief that is plausible on its

14 face."  *Id*. at 547.

15

### B.  FEDERAL CLAIMS AGAINST GOV. INSLEE IN HIS OFFICIAL CAPACITY

16

17 Claims against state officials, in their official capacities, are considered claims against the

18 state.  *Will v. Michigan Dept. of State Police*, 491 U.S. 48 (1989).  "[A] state and its officials

19 sued in their official capacity are not considered 'persons' within the meaning of § 1983."  *Wolfe*

20 *v. Strankman*, 392 F.3d 358, 364 (9th Cir. 2004).  The Plaintiffs do not seek prospective relief for

21 constitutional violations, and so the exception announced in *Ex Parte Young,* 209 U.S. 123

22 (1908), does not apply.  They seek only damages.  Accordingly, all federal claims asserted

23 against Gov. Inslee, in his official capacity, should be dismissed because he is not a "person" as

24 is required to bring a claim against him, in his official capacity, under § 1983.  *Wolf* at 364.

### C.  FEDERAL CLAIMS AGAINST GOV. INSLEE IN HIS INDIVIDUAL CAPACITY AND QUALIFIED IMMUNITY

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct complained of was committed by a person acting under color of law, and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(*overruled on other grounds*); *Daniels v. Williams*, 474 U.S. 327 (1986).  Defendants in a Section 1983 action are entitled to qualified immunity from damages for civil liability if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Pearson v. Callahan*, 129 S.Ct. 808, 815 (2009)(*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  In analyzing a qualified immunity defense, the Court must determine: (1) whether a constitutional right would have been violated on the facts alleged, taken in the light most favorable to the party asserting the injury; and (2) whether the right was clearly established when viewed in the specific context of the case. *Saucier v. Katz*, 121 S.Ct. 2151, 2156 (2001).  Each of the Plaintiffs' federal claims will be examined.

### *SAUCIER* STEP 1 – VIOLATION?

1.  Equal Protection Claim

The Equal Protection Clause provides that, "[n]o state shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1.  "The Equal Protection Clause ensures that 'all persons similarly situated should be treated alike.'" *Engquist v. Oregon Dep't of Agric.*, 478 F.3d 985, 992 (9th Cir. 2007).

Plaintiffs raise a "class of one" equal protection claim, alleging that Gov. Inslee treated them differently than other, similarly situated groups.  They do not contend that they are members of a suspect class.  Accordingly, to assert a "class of one" equal protection claim, the

Plaintiffs must demonstrate Gov. Inslee:  (1) intentionally (2) treated them differently than other similarly situated groups, (3) without a rational basis.  *Seaplane Adventures, LLC v. Cnty. of Marin*, 71 F.4th 724, 729 (9th Cir. 2023).  Because the Plaintiffs fail to allege sufficient facts regarding the third requirement, the Court need not reach the remaining two.

A "classification comports with the Equal Protection Clause if it is rationally related to a legitimate state interest." *Seaplane* at 730.  "The rational basis prong of a 'class of one' claim turns on whether there is a rational basis for the distinction, rather than the underlying government action." *Id.*  "This prong is deferential to the government." *Id.*

Even construing the properly credited portions of the Plaintiffs' Amended Complaint liberally, the Plaintiffs fail to allege sufficient facts from which to conclude that Gov. Inslee did not have a rational basis for treating them differently than others in the community.  The Plaintiffs Amended Complaint indicates that they were (and are) healthcare workers during the COVID-19 pandemic.  Dkt. 8. "Vaccination requirements are a common feature of the provision of healthcare in America: Healthcare workers around the country are ordinarily required to be vaccinated for diseases such as hepatitis B, influenza, and measles, mumps, and rubella." *Biden v. Missouri*, 595 U.S. 87, 93 (2022).  COVID-19 vaccine mandates for healthcare workers "substantially reduce the likelihood that healthcare workers will contract the virus and transmit it to their patients." *Id*.  At the time of the Proclamation, there was a rise in COVID-19 cases, hospitalizations and deaths.  *Mills* at 6.  Gov. Inslee had a rational basis for the Proclamation.

### 2.  Substantive and Procedural Due Process Claim

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).

1    **Substantive Due Process**.  The COVID-19 vaccine mandates do not implicate a

2    fundamental right protected by the substantive due process clause.  *Kheriaty v. Regents of the*

3    *Univ. of California*, 2022 WL 17175070, at *1 (9th Cir. Nov. 23, 2022)(California educator's

4    challenge of the University of California's COVID-19 vaccination policy as a violation of his

5    due process rights did not implicate a fundamental constitutional right); *Klaassen v. Trs. of Ind.*

6    *Univ.*, 7 F.4th 592, 593 (7th Cir. 2021)(a substantive due process claim "depends on the

7    existence of a fundamental right ingrained in the American legal tradition. Yet *Jacobson* [*v.*

8    *Massachusetts,* 197 U.S. 11 (1905)], which sustained a criminal conviction for refusing to be

9    vaccinated, shows that plaintiffs lack such a right.").   Accordingly, the rational basis standard of

10   review applies.  *Id.* As stated in Section II.C.1. above, the Plaintiffs have not alleged sufficient

11   facts from which to conclude that Gov. Inslee did not have a rational basis for the Proclamation.

12       **Procedural Due Process.**  "A procedural due process claim has two elements: (1) a

13   deprivation of a constitutionally protected liberty or property interest, and (2) a denial of

14   adequate procedural protections."  *Miranda v. City of Casa Grande*, 15 F.4th 1219, 1224 (9th

15   Cir. 2021).  The Plaintiffs fail to point to facts, which if believed, would demonstrate that they

16   were denied "adequate procedural protections" from Gov. Inslee.  They fail to point to

17   procedural protections that they were due but did not receive.

18              3.   Spending Clause Doctrine Claim

19       The Plaintiffs fail to allege facts from which to conclude that Gov. Inslee violated the

20   spending clause doctrine.  While the Spending Clause of the U.S. Constitution places some limits

21   on the federal government's ability to condition use of federal funds, *S. Dakota v. Dole*, 483 U.S.

22   203, 206 (1987), Plaintiffs fail to point to any authority that it places limits on state governors.

23

24

1

4. "Subjected to Investigational Drug Use" Claim

2

As it relates to this claim, the Plaintiffs refer to 21 U.S.C. § 360bbb-3, 45 C.F.R. Part 46,

3

the Belmont Report, Article VI of the International Covenant on Civil and Political Rights

4

("ICCPR") Treaty, 10 U.S.C. § 980, Federal Wide Assurance, and the CDC COVID-19

5

Vaccination Program Provider Agreement.  Dkt. 8.

6

The Plaintiffs fail to show that any of the federal statutes, regulations, reports or

7

international treaties they cite in their Amended Complaint apply and/or that they contain a

8

private cause of action that is available against Gov. Inslee in federal court.

9

**21 U.S.C. § 360bbb-3**.  As is relevant here, 21 U.S.C. § 360bbb-3(e)(1)(A)(ii), which

10

governs emergency use authorization of medication, requires that the Secretary of the U.S. Dept.

11

of Health and Human Services establish:

12

Appropriate conditions designed to ensure that individuals to whom the product is
administered are informed--

13

14

(I) that the Secretary has authorized the emergency use of the product;

15

(II) of the significant known and potential benefits and risks of such use, and of
the extent to which such benefits and risks are unknown; and

16

17

(III) of the option to accept or refuse administration of the product, of the
consequences, if any, of refusing administration of the product, and of the
alternatives to the product that are available and of their benefits and risks.

18

This statute does not apply to Gov. Inslee.  It directs the Secretary of the U.S. Dept. of

19

Health and Human Services' actions.  Further, the Plaintiffs do not allege that Gov. Inslee was

20

required to provide them with any information that was mandated by the statute and that he did

21

not so provide it.  To the extent the Plaintiffs assert a claim under the statute, it should be

22

dismissed.

23

24

**45 C.F.R. Part 46, The Belmont Report, Article VI of the ICCPR**.  There is no private right of action under 45 C.F.R. Part 46, the Belmont Report, or the ICCPR.  Agency regulations, like 45 C.F.R. Part 46, cannot provide a private right of action where the authorizing statute has not so provided.  *Alexander v. Sandoval*, 532 U.S. 275, 291 (2001)(holding that "language in a regulation may invoke a private right of action that Congress through statutory text created, but it may not create a right that Congress has not").  The Plaintiffs have failed to point to, and this Court cannot find, a Congressionally given private right of action in any of the authorizing statutes for 45 C.F.R. Part 46.  Accordingly, there is no private right of action in 45 C.F.R. Part 46.  *Wright v. Fred Hutchinson Cancer Research Ctr*., 269 F. Supp. 2d 1286, 1289 (W.D. Wash. 2002).  Further, there is no private right of action under the Belmont Report, *Kriley v. Nw. Mem'l Healthcare*, 2023 WL 371643, at *2 (7th Cir. Jan. 24, 2023), or the ICCPR which is enforceable in federal courts, *Sosa v. Alvarez-Machain*, 542 U.S. 692, 735 (2004).

**10 U.S.C. § 980**.  Under 10 U.S.C. § 980(a)(1), "funds appropriated to the Department of Defense may not be used for research involving a human being as an experimental subject unless. . . the informed consent of the subject is obtained in advance . . ."

The Plaintiffs have failed to allege sufficient facts from which they could obtain relief from Gov. Inslee based on this statute.  There is no allegation that he expended Department of Defense funds or was obligated to inform the Plaintiffs of information, and he did not provide such information.

**Federal Wide Assurance**.  According to the Amended Complaint, through Federal Wide Assurance, "an institution commits to the [U.S. Dept. of Health and Human Services] that it will comply with the requirements in the [U.S. Dept. of Health and Human Services'] Protection of Human Subjects regulations at 45 C.F.R. Part 46." Dkt. 8 at 30, n. 23.  The Plaintiffs do not

1  meaningfully respond to Gov. Inslee's argument that there is no private right of action for them

2  against the governor pursuant to Federal Wide Assurance.  The argument has merit and the claim

3  should be dismissed.

4        **The CDC COVID-19 Vaccination Program Provider Agreement**.  As stated in

5  Section II. D. below, there is no allegation that Gov. Inslee signed this agreement.  The claim

6  should be dismissed.

7        5.   Unconstitutional Conditions Doctrine Claim

8        The unconstitutional conditions doctrine "vindicates the Constitution's enumerated rights

9  by preventing the government from coercing people into giving them up."  *Koontz v. St. Johns*

10  *River Water Mgmt. Dist*., 570 U.S. 595, 604 (2013).  It prohibits the government from denying a

11  person a benefit because they exercise a constitutional right.  *Id.*

12        The Amended Complaint acknowledges that the Plaintiffs are "at will" employees of a

13  private employer.  Dkt. 8.  Accordingly, they fail to plead sufficient facts to allege that a

14  <u>government</u> benefit has been denied.  The Plaintiffs unconstitutional conditions doctrine claim

15  should be dismissed.  *Antunes v. Rector & Visitors of Univ. of Va*., 627 F. Supp. 3d 553, 566

16  (W.D. Va. 2022)(University's COVID-19 vaccine mandate challenger failed to allege violation

17  of unconstitutional conditions doctrine because no government benefit was at issue).

18        6.   Implied Right of Action 21 U.S.C. § 360bbb-3 Claim

19        As stated above in Section II.C.4., the Plaintiffs have failed to allege sufficient facts that

20  21 U.S.C. § 360bbb-3 applies to Gov. Inslee.  This claim should be dismissed.

21        ***SAUCIER* STEP 2 – QUALIFIED IMMUNITY?**

22        This opinion will next consider whether Gov. Inslee is entitled to qualified immunity, the

23  second *Saucier* step.  (The first *Saucier* step is in Sections II.C.1-6. immediately above.)  As to

24

1   the second *Saucier* step, the Court must determine whether the constitutional rights asserted were

2   "clearly established when viewed in the specific context of the case." *Saucier* at 2156. For

3   purposes of qualified immunity, "[a] right is clearly established when it is sufficiently clear that

4   every reasonable official would have understood that what he is doing violates that right." *Rivas-*

5   *Villegas v. Cortesluna*, 142 S. Ct. 4, 7 (2021)(*cleaned up*). While case law directly on point is

6   not required for a right to be clearly established, "existing precedent must have placed the

7   statutory or constitutional question beyond debate." *Id.* at 7-8.

8          Gov. Inslee is entitled to qualified immunity on all federal claims.  The Plaintiffs have

9   failed to point to any grounds from which to conclude that Gov. Inslee's Proclamation violated

10  constitutional or statutory rights that were "clearly established when viewed in the specific

11  context of the case." *Saucier* at 2156.  They point to no existing precedent that "placed the

12  statutory or constitutional question[s] beyond debate."  *Rivas-Villegas* at 7-8.

13         The Plaintiffs reference *Doe v. Rumsfeld,* 297 F. Supp. 2d 119, 123 (D.D.C. 2003).  Dkt.

14  29.  In *Doe,* the court held that the government violated the Administrative Procedures Act when

15  it required active duty military personnel to take an anthrax drug that was not designated for that

16  use, was not licensed for that use, and where studies were at least a decade old.  This case is

17  distinguishable:  *Doe* did not take place during a pandemic of a highly transmissible virus that

18  killed millions of people.  Further, it did not address any of the claims the Plaintiffs make here.

19  The inquiry into whether a constitutional or statutory right is clearly established "must be

20  undertaken in light of the specific context of the case, not as a broad general proposition."

21  *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004).  *Doe* did not clearly establish that the Plaintiffs'

22  constitutional or statutory rights would be violated by Gov. Inslee's Proclamation 21-14.1.

23

24

The Plaintiffs point to *United States v. Lanier,* 520 U.S. 259 (1997), and maintain that qualified immunity does not require "established law, even in novel factual situations" where there is "obvious clarity to the specific conduct in question."  Dkt. 29.  The Plaintiffs premise their argument and much of their case on the notion that the only vaccines available at the time of the Proclamation were "experimental" contending that the Pfizer-BioNTech, Moderna, and Johnson & Johnson vaccines were only authorized pursuant to 21 U.S.C. § 360bbb-3, the EAU statute.  As stated above in Section I.B.2., this contention was considered and rejected by another court in this circuit, *Johnson* at 1238-1243, and its reasoning applies here.  The Pfizer-BioNTech vaccine received FDA approval on August 23, 2021.  *We The Patriots USA* at 283.  Further, even if the only vaccines available at the time were "experimental," the Ninth Circuit has cautioned that when governmental actions are "undertaken during a time of great uncertainty with a novel disease, medical uncertainties afford little basis for judicial responses in absolute terms and that legislative authority must be especially broad in areas fraught with medical and scientific uncertainties."  *Seaplane Adventures, LLC v. Cnty. of Marin*, 71 F.4th 724, 730 (9th Cir. 2023)(*cleaned up*).  Gov. Inslee is entitled to qualified immunity on all the federal claims.

### D.  STATE LAW CLAIMS

The Plaintiffs' state law claims for breach of contract, third party beneficiary, "employment torts," outrage, invasion of privacy and defamation of character against Gov. Inslee should be dismissed.

**Breach of Contract.**  In Washington, "[a] breach of contract is actionable only if the contract imposes a duty, the duty is breached, and the breach proximately causes damage to the claimant." *C 1031 Properties, Inc. v. First Am. Title Ins. Co*., 175 Wn. App. 27, 33–34 (2013)(*cleaned up*).

1    As to the Plaintiff's breach of contract, third party beneficiary claim, the Amended

2  Complaint alleges that the Proclamation "deprived [them of] of the intended benefits conferred"

3  by the Provider Agreement.  Dkt. 8 at 64.  While the Amended Complaint alleges that Gov.

4  Inslee voluntarily agreed to participate in the COVID-19 Vaccination Program, *Id.* at 20, it does

5  not allege that he signed the Provider Agreement.  (Healthcare facilities administering the

6  vaccines signed it.) Accordingly, Gov. Inslee did not agree to a duty imposed by the Provider

7  Agreement.  The breach of contract claim asserted against him should be dismissed.

8    **"Employment Torts**." The Plaintiffs' fail to explain the "employment torts" claim.  There is

9  no allegation that Gov. Inslee was the Plaintiffs' employer.  This claim should be dismissed.

10   **Outrage**.  In Washington, "[t]he tort of outrage requires the proof of three elements:  (1)

11  extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and

12  (3) actual result to plaintiff of severe emotional distress." *Kloepfel v. Bokor*, 149 Wn.2d 192,

13  195 (2003).  Any claim for outrage "must be predicated on behavior so outrageous in character,

14  and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as

15  atrocious, and utterly intolerable in a civilized community." *Id.* at 196 (*cleaned up*).

16   The Plaintiffs' outrage claim should be dismissed.  The properly credited allegations in the

17  Amended Complaint are insufficient from which to conclude that the Proclamation was "beyond

18  all possible bounds of decency" considering the circumstances at the time.

19   **Invasion of Privacy and Defamation of Character**.  The allegations in the Amended

20  Complaint regarding this claim relate to Defendant PeaceHealth's actions and not Gov. Inslee's

21  actions.  This claim against Gov. Inslee should be dismissed.

22

23

24

1

### III.    ORDER

2      Therefore, it is hereby **ORDERED** that:

3          • Jay Robert Inslee's Motion to Dismiss (Dkt. 18) **IS GRANTED**.

4      The Clerk is directed to send uncertified copies of this Order to all counsel of record and

5  to any party appearing *pro se* at said party's last known address.

6      Dated this 21st day of December, 2023.

7

8

9      ROBERT J. BRYAN
       United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24