HONORABLE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AILA CURTIS, et al.,

                             Plaintiffs,

     v.

JAY ROBERT INSLEE, et al.,

                             Defendants.

No. 3:23-cv-05741-RJB

GOVERNOR JAY INSLEE'S
RESPONSE TO PLAINTIFFS' RULE
59(e) MOTION TO ALTER OR
AMEND RULING, OR IN THE
ALTERNATIVE, MOTION FOR
LEAVE TO FILE SECOND
AMENDED COMPLAINT

NOTED ON MOTION CALENDAR:
FEBRUARY 2, 2024

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

## **TABLE OF CONTENTS**

I.    INTRODUCTION ...............................................................................................1

II.   BACKGROUND ...............................................................................................1

III.  ARGUMENT .....................................................................................................2

      A.   The Court Should Deny Plaintiffs' Request to "Amend" The Order
           of Dismissal ............................................................................................ 2

           1.   Plaintiffs' Request is an Untimely Motion for
                Reconsideration.............................................................................. 2

           2.   Plaintiffs Identify No Basis to Alter the Dismissal....................... 2

                a.   Plaintiffs fail to address the deficiencies in their
                     "Investigational Drug Use" Claim ....................................3

                b.   Plaintiffs have no viable preemption argument ................5

                c.   Plaintiffs fail to address the deficiencies in their
                     Unconstitutional Conditions claim ...................................7

                d.   Plaintiffs identify no basis to set aside Governor
                     Inslee's qualified immunity ..............................................7

      B.   The Court Should Deny Plaintiffs' Request to Amend Their
           Complaint................................................................................................ 8

           1.   Plaintiffs' "Investigational Drug Use" Claim Fails ...................... 9

           2.   Plaintiffs' Breach of Contract Claim Fails.................................... 9

           3.   Plaintiffs' Unconstitutional Conditions Claim Fails................... 11

           4.   Plaintiffs' Procedural Due Process Claim Fails........................... 12

           5.   Plaintiffs' Proposed PREP Act Claim Fails................................ 13

           6.   The Court Should Reject Plaintiffs' Proposed Changes to
                Its Other Claims ......................................................................... 14

IV.   CONCLUSION................................................................................................14

GOVERNOR JAY INSLEE'S RESPONSE TO PLAINTIFFS'
RULE 59(e) MOTION - i
3:23-cv-05741-RJB

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

## <u>TABLE OF AUTHORITIES</u>

### Federal Cases

*Alexander v. Wells Fargo, Bank, N.A.*,
    No. C15-459RAJ, 2016 WL 4543229 (W.D. Wash. Jan. 28, 2016)..........................................2

*Andre-Rodney v. Hochul*,
    618 F. Supp. 3d 72 (N.D.N.Y. 2022) ...................................................................................11

*Antunes v. Rector & Visitors of Univ. of Va.*,
    627 F. Supp. 3d 553 (W.D. Va. 2022) ..................................................................................11

*Bell Consumers, Inc. v. Lay*,
    203 F. Supp. 2d 1202 (W.D. Wash. 2002) ..............................................................................8

*Block v. Wash. State Bar Ass'n*,
    No. C15-2018RSM, 2016 WL 1597180 (W.D. Wash. Apr. 21, 2016) ....................................2

*Bolton v. Gallatin Ctr. for Rehab. & Healing, LLC*,
    535 F. Supp. 3d 709 (M.D. Tenn. 2021)................................................................................13

*Burcham v. City of Los Angeles*,
    562 F. Supp. 3d 694 (C.D. Cal. 2022) ..................................................................................11

*Cleveland Bd. of Educ. v. Loudermill*,
    470 U.S. 532 (1985).............................................................................................................12

*Eaton v. Big Blue Healthcare, Inc.*,
    480 F. Supp. 3d 1184 (D. Kan. 2020) ...............................................................................5, 13

*Goins v. Saint Elizabeth Med. Ctr.*,
    640 F.Supp.3d 745 (E.D. Ky. 2022) ......................................................................................6

*Gonzaga Univ. v. Doe*,
    536 U.S. 273 (2002)...............................................................................................................4

*Health & Hosp. Corp. of Marion Cnty. v. Talevski*,
    599 U.S. 166 (2023)...........................................................................................................4, 5

*Hughes v. Terminix Pest Control, Inc.*,
    No. CV 22-3676, 2023 WL 5015314 (E.D. La. Aug. 7, 2023) ................................................7

*Jacobsen v. Massachusetts*,
    197 U.S. 11 (1905).................................................................................................................8

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

*Klaasen v. Trustees of Indiana Univ.*,
7 F.4th 592 (7th Cir. 2021) ........................................................................................ 8

*Klamath Water Users Protective Ass'n v. Patterson*,
204 F.3d 1206 (9th Cir. 1999) .................................................................................. 10

*Knox v. Brnovich*,
907 F.3d 1167 (9th Cir. 2018) .................................................................................... 6

*Medialdea v. Law Office of Evan L. Loeffler PLLC*,
No. C09-55RSL, 2009 WL 2058216 (W.D. Wash. July 10, 2009) ............................ 2

*Norris v. Stanley*,
567 F. Supp.3d 818 .............................................................................................. 6, 11

*Pilz v. Inslee*,
No. 3:21-cv-05735-BJR, 2022 WL 1719172 (W.D. Wash. May 27, 2022) ......... 8, 12

*Saucier v. Katz*,
121 S.Ct. 2151 (2001) ................................................................................................ 7

*United States v. 4,432 Mastercases of Cigarettes, More Or Less*,
448 F.3d 1168 (9th Cir. 2006) .................................................................................... 6

*Wise v. Inslee*,
No. 2:21-CV-0288-TOR, 2021 WL 4951571 (E.D. Wash. Oct. 25, 2021) ............... 8

*Zucht v. King*,
260 U.S. 174 (1922).................................................................................................. 11

## State Cases

*C 1031 Properties, Inc. v. First Am. Title Ins. Co.*,
175 Wn. App. 27, 301 P.3d 500 (2013) ............................................................... 9, 10

*Casabianca v. Mount Sinai Med. Ctr.*,
No. 112790/10, 2014 WL 10413521 (N.Y. Sup. Ct. Dec. 2, 2014) ........................ 13

## Federal Statutes

42 U.S.C. § 247d-6d ............................................................................................. 5, 13

42 U.S.C. § 247d-6e .............................................................................................. 6, 13

GOVERNOR JAY INSLEE'S RESPONSE TO PLAINTIFFS'
RULE 59(e) MOTION - iii
3:23-cv-05741-RJB

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1

## Federal Rules

2

Fed. R. C. P. 15(a)..................................................................................................... 8

3

Fed. R. C. P. 12(b)(6)................................................................................................ 2

4

Fed. R. C. P.  59(e)................................................................................................... 2

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## I.    INTRODUCTION

Between the Court's December 21, 2023, order dismissing Plaintiffs' claims against Governor Inslee and its January 23 order dismissing the federal claims against PeaceHealth, Plaintiffs filed a "Motion to Alter or Amend Ruling, or in the Alternative, Motion for Leave to File Second Amended Complaint." Dkt. #38 (the "Motion."). But the Court's two dismissals have already disposed of the arguments Plaintiffs raise here.

Plaintiffs' request that the Court revise its prior order is both untimely and unsound: repeating arguments the Court has already rejected; affirmatively citing only a single—and unhelpful—case (and attempting to distinguish two others); and ignoring fatal pleading deficiencies that would compel dismissal even if Plaintiffs' arguments were accepted.

Plaintiffs' request to amend their complaint fares no better: relying on purportedly "new" allegations that restate factual and legal assertions the Court has already considered and rejected; and offering neither explanation nor authority to suggest Plaintiffs can state a claim for relief. The Court should deny the Motion.

## II.    BACKGROUND

On August 18, 2023, Plaintiffs filed this lawsuit, challenging the legality of Proclamation 21-14.1 on grounds other courts have consistently rejected. Dkt. #1. On December 21, the Court dismissed all of Plaintiffs' claims against Governor Inslee. Dkt. #32 (the "Order"). On January 23, 2024, the Court dismissed all federal claims against PeaceHealth with prejudice. Dkt. #41. Plaintiffs filed the instant Motion on January 18, asking this Court to amend the Order or, alternatively, grant leave to file a Second Amended Complaint.

GOVERNOR JAY INSLEE'S RESPONSE TO PLAINTIFFS'
RULE 59(e) MOTION - 1
3:23-cv-05741-RJB

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

### III.     ARGUMENT

**A.     The Court Should Deny Plaintiffs' Request to "Amend" the Order of Dismissal**

**1.     Plaintiffs' Request is an Untimely Motion for Reconsideration**

Plaintiffs' request to "amend" the Court's order of dismissal under Rule 59 is an untimely motion for reconsideration. Rule 59(e) only permits amendment of "judgments," and no judgment has yet entered in this case. *Block v. Wash. State Bar Ass'n*, No. C15-2018RSM, 2016 WL 1597180, at *1 (W.D. Wash. Apr. 21, 2016) (Rule 59(e) is inapplicable where the court has granted a motion to dismiss but no judgment has entered); *Medialdea v. Law Office of Evan L. Loeffler PLLC*, No. C09-55RSL, 2009 WL 2058216, at *1 (W.D. Wash. July 10, 2009) (denying a Rule 59(e) motion because no final judgment had been entered).

While "Local Rule 7(h) is the functional equivalent of a motion to alter or amend a judgment under Fed R. Civ. P. 59(e)," a motion under that rule must be made "within fourteen days after the order to which it relates is filed." *Alexander v. Wells Fargo, Bank, N.A.*, No. C15-459RAJ, 2016 WL 4543229, at *1 (W.D. Wash. Jan. 28, 2016); LCR 7(h)(2). The Court issued the Order on December 21, 2023, so any LCR 7(h) motion was due by January 4, 2024. Plaintiffs' January 18 Motion is therefore untimely. *Alexander*, 2016 WL 4543229, at *1 (denying motion for reconsideration filed more than 14 days after order of dismissal). The Court should deny the Motion on that basis alone.

**2.     Plaintiffs' Identify No Basis to Alter the Dismissal**

Plaintiffs' request for reconsideration also fails on the merits. "Motions for reconsideration are disfavored" and generally require "a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with

GOVERNOR JAY INSLEE'S RESPONSE TO PLAINTIFFS'
RULE 59(e) MOTION - 2
3:23-cv-05741-RJB

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

reasonable diligence." LCR 7(h)(1). Plaintiffs can show neither, and the Court should deny the Motion.

### a. *Plaintiffs fail to address the deficiencies in their "Investigational Drug Use" Claim*

Repackaging their prior arguments, Dkt # 29 at 15; Dkt. #36 at 29–38, Plaintiffs ask the Court to revive their "investigational drug use claim" based on purported legal distinctions between the "Comirnaty" vaccine and the "Pfizer BioNTech vaccine" that this Court has already considered and rejected. Motion at 2; Order at 4–5; Dkt. #41 at 8. Moreover, Plaintiffs still fail to identify any § 1983-enforceable right, which requires dismissal regardless of any purported distinction between these vaccines.

***The technical distinctions Plaintiffs identify are irrelevant.*** Plaintiffs' "investigational drug use" claim depends on the contention that certain technical distinctions between the Comirnaty and Pfizer BioNTech vaccines transformed the Proclamation into "medical research" or "scientific experimentation." *See* Dkt. #8 ¶¶ 193–99; *see also* Dkt. #29 at 11 (Plaintiffs' Opposition to Motion to Dismiss; asserting that the EUA Act was intended to address "medical research abuses by the federal government"). But Plaintiffs have already made these arguments. *Compare* Motion at 2–4, *with* Dkt. #36 at 29–38. And this Court has already rejected them, concluding that "a difference in labeling" of these vaccines "does not change the outcome of this case." Dkt. #41 at 8. Judge Simon reached the same conclusion in *Johnson v. Brown*: "the actual vaccine that is being injected is not materially different, whether it is COMIRNATY® or the Pfizer-BioNTech Vaccine," and Plaintiffs offer no authority to suggest that "physically, chemically, and biologically identical vaccines that are merely legally distinct are nevertheless so different that a vaccine mandate involving one versus the other, when one has been FDA-approved

GOVERNOR JAY INSLEE'S RESPONSE TO PLAINTIFFS'
RULE 59(e) MOTION - 3
3:23-cv-05741-RJB

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

as safe and effective, is a forced medical 'experiment.'" 567 F. Supp. 3d 1230, 1247 (D. Or. 2021).

Plaintiffs offer no basis to dispute those conclusions here, conceding that Comirnaty and Pfizer

BioNTech have "the same formulation . . . and . . . can be used interchangeably . . . without

presenting any safety or effectiveness concerns." Dkt. #38-2 ¶ 73; *see also id.* ("The products are

legally distinct with certain differences that do not impact safety or effectiveness.").

   ***Plaintiffs still identify no § 1983-enforceable right***. Even if the purported distinctions were

material (they are not), Plaintiffs would still fail to overcome the Court's conclusion that they

identify no right that is enforceable under § 1983. Order at 11–12; *see also* Dkt. #41 at 14

("Plaintiffs fail to show that any of the federal statutes, regulations, reports or international treaties

they cite in their Amended Complaint apply and/or that they contain a private cause of action that

is available[.]").

   Plaintiffs' only response is to assert that they "are not seeking private rights of action under

. . . any . . . listed law or regulation,' but rather "[t]he cause of action being brought is pursuant to

§ 1983." Motion at 6. But, as the Court has already recognized, § 1983 "merely provides a

mechanism for enforcing individual rights 'secured' elsewhere," and "Plaintiffs still must

demonstrate that they have a private right of action under a statute." Dkt. #41 at 15 (citing *Gonzaga

Univ. v. Doe*, 536 U.S. 273, 285 (2002)); *see also Gonzaga Univ.*, 536 U.S. at 285 ("A court's role

in discerning whether personal rights exist in the § 1983 context should . . . not differ from its role

in discerning whether personal rights exist in the implied right of action context.").

   The lone case Plaintiffs cite to support their request—*Health and Hospital Corp. of Marion

County v. Talevski*, 599 U.S. 166 (2023)—recites the "demanding bar" for finding a § 1983-

enforceable right: the "Statutory provisions must *unambiguously* confer individual federal rights."

GOVERNOR JAY INSLEE'S RESPONSE TO PLAINTIFFS'
RULE 59(e) MOTION - 4
3:23-cv-05741-RJB

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

*Id.* at 166 (emphasis added). Plaintiffs cite no authority to suggest they have met that requirement here. The Court should deny the Motion.

### b. *Plaintiffs have no viable preemption argument*

Plaintiffs argue that "[n]either the Court, nor Gov. Inslee in his Motion to Dismiss, addressed Plaintiffs' claims that Congress preempted Governor Inslee's actions." Motion at 6. "Specifically," Plaintiffs contend that "the PREP Act prohibits States from establishing, enforcing, or continuing in effect with any law or legal requirement that is different from, or is in conflict with, the PREP Act or the EUA statute." *Id.*

But the PREP Act contains no such prohibition, and gives Plaintiffs no enforceable rights. Instead, it enables the U.S. Secretary of Health and Human Services to authorize certain "covered countermeasures" for "public health emergencies"—such as an EUA drug—and "creates *immunity* for all claims of loss causally connected to the administration or use of [such] covered countermeasures." *Eaton v. Big Blue Healthcare, Inc.*, 480 F. Supp. 3d 1184, 1191 (D. Kan. 2020) (emphasis added); *see also* 42 U.S.C. § 247d-6d(a)(1) (providing for "immun[ity] from suit and liability under Federal and State law" in connection with "use by an individual of a covered countermeasure").

While Plaintiffs' Motion offers no explanation or legal authority to support their preemption claim, their proposed Second Amended Complaint identifies "express[]" preemption language in 42 U.S.C. § 247d-6d(b)(8). Dkt. #38-2 ¶ 135 n.34. But that provision states only that "no State . . . may establish . . . any provision of law or legal requirement that . . . is different from, or is in conflict with, any requirement applicable under *this section*." 42 U.S.C. § 247d-6d(b)(8) (emphasis added). And the relevant statutory "section"—42 U.S.C. § 247d-6d—only permits the

GOVERNOR JAY INSLEE'S RESPONSE TO PLAINTIFFS'
RULE 59(e) MOTION - 5
3:23-cv-05741-RJB

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

authorization, and creates immunity for the use of, "covered countermeasures."[1] Rather than *establishing* a cause of action against state actors, it *precludes* the state from establishing a cause of action against others. *See Goins v. Saint Elizabeth Med. Ctr.*, 640 F. Supp. 3d 745, 753 (E.D. Ky. 2022) ("The [PREP] Act's preemption clause provides a federal defense to state law claims and 'correspondingly extends immunity to covered individuals.'"). This provision is not only inapplicable here, but demonstrates "Congress's lack of interest in more broadly limiting state power" in this area. *United States v. 4,432 Mastercases of Cigarettes, More Or Less*, 448 F.3d 1168, 1190 (9th Cir. 2006). The PREP Act, therefore, supplies no basis for preemption.

Plaintiffs also appear to allege that the vaccine mandate was in conflict with the "EUA statute's" informed consent requirements. Motion at 6; Dkt # 38-2 ¶ 119.[2] But the Court has already held that "[t]his statute does not apply to Gov. Inslee." Order at 11. Moreover, the Proclamation "does not preclude Plaintiff[s] from receiving informed consent, nor does it prevent [them] from accepting or refusing administration of the vaccine. Rather, the vaccine is a condition of employment, which Plaintiff[s do] not have a constitutionally protected interest in." *Norris v. Stanley*, 567 F. Supp. 3d 818, 823 n. 2 (W.D. Mich. Oct. 8, 2021). Thus, "[t]here is no preemption issue here." *Id*. The Court should deny the Motion.

---

[1] The proposed Second Amended Complaint identifies a separate Congressional "pronounc[ement]" that is in a different section of the statute and not subject to the express preemption provision. Dkt # 38-2 ¶ 136 n.36 (citing 42 U.S.C. § 247d-6e(c)).

[2] The proposed Second Amended Complaint also suggests that "field preemption" applies to the EUA statute. Dkt #38-2 ¶ 121. But Plaintiffs do not even raise this argument in their Motion, and cannot explain how a statute that imposes limited requirements solely on the federal HHS Secretary "occupies a 'field' of regulation 'so comprehensively that it has left no room for supplementary state legislation.'" *Knox v. Brnovich*, 907 F.3d 1167, 1174 (9th Cir. 2018) (citation omitted).

GOVERNOR JAY INSLEE'S RESPONSE TO PLAINTIFFS'
RULE 59(e) MOTION - 6
3:23-cv-05741-RJB

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

### c. *Plaintiffs fail to address the deficiencies in their unconstitutional conditions claim*

The Court properly dismissed Plaintiffs unconstitutional conditions claim because "[t]he Amended Complaint acknowledges that the Plaintiffs are 'at will' employees of a private employer," and "[a]ccordingly, they fail to plead sufficient facts to allege that a <u>government</u> benefit has been denied." Order at 13 (emphasis in original).

Plaintiffs now assert that "the at-will employment doctrine does NOT apply to them because of federal preemption" under "the PREP Act." Motion at 5. This preemption argument fails for the same reasons discussed above. *See supra* § III.A.2.b; *see also Hughes v. Terminix Pest Control, Inc.*, No. CV 22-3676, 2023 WL 5015314, at *7 (E.D. La. Aug. 7, 2023) (rejecting argument that PREP Act preempted state at-will employment doctrine). Moreover, Plaintiff's remarkable assertion that federal regulations governing *medical research* can create a right to *employment* where none otherwise exists is, once again, unexplained and unsupported by any cited authority. The Court should deny the Motion.

### d. *Plaintiffs identify no basis to set aside Governor Inslee's qualified immunity*

The Court correctly held that Governor Inslee is entitled to qualified immunity on all of Plaintiffs' federal claims because "[t]he Plaintiffs have failed to point to any grounds from which to conclude that Gov. Inslee's Proclamation violated constitutional or statutory rights that were 'clearly established when viewed in the specific context of the case.'" Order at 14 (quoting *Saucier v. Katz*, 533 U.S. 194, 2156 (2001)).

Plaintiffs ask this court to reconsider this holding based on the counterfactual assertion that on "August 5, 2021, . . . the CDC admit[ted] that the 'vaccines' do not prevent infection or transmission." Motion at 7. Plaintiffs cite no support for this contention, which is contrary to their

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

own admission that *eighteen days later*, the FDA approved the Pfizer vaccine "for active immunization to *prevent* coronavirus disease." Dkt. #38-2 ¶ 60. Regardless, the historical and contemporaneous authority affirming the legality of vaccine mandates demonstrates that Governor Inslee did not violate any "clearly established" right that would forfeit his immunity. *See, e.g.*, *Jacobsen v. Massachusetts*, 197 U.S. 11 (1905); *Klaasen v. Trustees of Indiana Univ.*, 7 F.4th 592, 593 (7th Cir. 2021); *Pilz v. Inslee*, No. 3:21-cv-05735-BJR, 2022 WL 1719172, at *1 (W.D. Wash. May 27, 2022), *aff'd*, No. 22-35508, 2023 WL 8866565 (9th Cir. Dec. 22, 2023); *Wise v. Inslee*, No. 2:21-CV-0288-TOR, 2021 WL 4951571, at *1 (E.D. Wash. Oct. 25, 2021). Plaintiffs' persistent failure to identify a viable cause of action further confirms this conclusion. The Court should deny the Motion.

### B.     The Court Should Deny Plaintiffs' Request to Amend Their Complaint

In addition to seeking reconsideration of the Order, Plaintiffs request leave to amend their claims for: (1) Investigational Drug Use; (2) Breach of Contract; (3) Unconstitutional Conditions; and (4) Procedural Due Process, and to add a new cause of action for (5) "Substantive Due Process Rights under PREP Act." Motion at 4–5, 7–8; Dkt. 38-2 ¶¶ 274–79.

But Plaintiffs can only amend their complaint "with the opposing party's written consent, or the court's leave." Fed. R. Civ. P. 15(a)(2). And "[a]lthough leave to amend a complaint under Fed.R.Civ.P. 15(a) should be freely granted when justice so requires, amendment should not be allowed when it would be futile." *Bell Consumers, Inc. v. Lay*, 203 F. Supp. 2d 1202, 1207 (W.D. Wash. 2002), *aff'd*, 56 F. App'x 381 (9th Cir. 2003). Because, in each case, their proposed amendment is futile, the Court should deny leave to amend.

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

### 1.     Plaintiffs' "Investigational Drug Use" Claim Fails

Plaintiffs "seek to amend their Complaint to add factual allegations and documentation . . . demonstrating that . . . COMIRNATY, and Pfizer BioNTech COVID-19 Vaccine . . . are 'legally distinct.'" Motion at 4. But the Court has twice considered and rejected Plaintiffs' assertion that these distinctions create a viable cause of action. Order at 4; Dkt.#41 at 8. And Plaintiffs new "allegations" are primarily *legal* assertions Plaintiffs have already made and identify no facts materially different from what the Court has already taken judicial notice of. Dkt # 38-2 ¶¶ 28–81; Dkt. #41 at 2–3. The Court should deny the Motion.

### 2.     Plaintiffs' Breach of Contract Claim Fails

The Court correctly dismissed Plaintiffs' breach of contract claim because "Gov. Inslee did not agree to a duty imposed by the Provider Agreement." Order at 16. Plaintiffs now seek leave to add "factual and legal allegations for why the Chief Executive of the State of Washington bears responsibility for damages arising out of his breach of" the Provider Agreement. Dkt. #38 at 4-5. But these proposed amendments would be futile because they fail to: (1) explain how Governor Inslee can be liable under a contract he was not party to; (2) allege the Provider Agreement actually applied to the Plaintiffs; and (3) establish Plaintiffs could be third-party beneficiaries of the Provider Agreement.

***Plaintiffs do not allege Governor Inslee was party to the Provider Agreement.*** "In Washington, '[a] breach of contract is actionable only if the contract imposes a duty, the duty is breached, and the breach proximately causes damage to the claimant.'" Order at 15 (quoting *C 1031 Properties, Inc. v. First Am. Title Ins. Co.*, 175 Wn. App. 27, 33–34 (2013)).

And plaintiffs' proposed amendments once again do "not allege that [Governor Inslee] signed the Provider Agreement." Order at 16. Instead, Plaintiffs claim only that "Governor Inslee

GOVERNOR JAY INSLEE'S RESPONSE TO PLAINTIFFS'
RULE 59(e) MOTION - 9
3:23-cv-05741-RJB

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

having volunteered the State to participate in the CDC Program, willfully assumed a ministerial duty to ensure" compliance with the Provider Agreement. Dkt. #38-2 at 30–31. But this allegation is not new—it appears in Plaintiffs' already-dismissed First Amended Complaint, Dkt. #8 ¶ 54— and the Court has already found the allegation that "Gov. Inslee voluntarily agreed to participate in the COVID-19 Vaccination Program" insufficient to state a claim, Order at 16.

*Plaintiffs do not allege the Provider Agreement applied to them*. As the Court has recognized, Plaintiffs' contract claim fails for the independent reason that "the Plaintiffs have not shown that they are entitled to relief under the Provider Agreement because the Provider Agreement does not apply to them." Dkt # 41 at 17. That's because, the Provider Agreement only "arguably creates obligations . . . to people to whom [a provider] administers COVID-19 vaccines," and according to their own allegations, "Plaintiffs did not receive a COVID-19 vaccine." *Id.* Plaintiffs' proposed amendments do not address this fatal defect.

*Plaintiffs are not third-party beneficiaries of the Provider Agreement.* Plaintiffs' contract claim fails for the independent reason that they are not third-party beneficiaries of the Provider Agreement. Dkt. #41 at 17. Plaintiffs "cite no authority that they are entitled to enforce a contract— the Provider Agreement—between the federal government and PeaceHealth on a matter (failure to comply with § 360bbb-3) which is unrelated to their claimed harm (being fired for failing to comply with the vaccine Policy)." Order at 17. Moreover, "parties that benefit from a [federal] government[al] contract are generally assumed to be incidental beneficiaries, and may not enforce the contract absent a clear intent to the contrary," and "[t]he Plaintiffs fail to point to any clear intent in either the Provider Agreement that they are any more than incidental beneficiaries." *Id.* (quoting *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1211 (9th Cir. 1999)). The Court should deny the Motion.

GOVERNOR JAY INSLEE'S RESPONSE TO PLAINTIFFS'
RULE 59(e) MOTION - 10
3:23-cv-05741-RJB

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

### 3. Plaintiffs' Unconstitutional Conditions Claim Fails

Plaintiffs ask for leave to allege that their "Unconstitutional Conditions Doctrine claim is based on PeaceHealth denying Plaintiffs . . . use of their state issued licenses to work in the healthcare industry[.]" Motion at 5. But Plaintiffs do not allege they were stripped of their medical licenses; only that the Proclamation temporarily prevented them from being employed. Dkt. #38-2 ¶ 258. And as this Court and others have concluded, such at-will employment is not a "government benefit" to which the Unconstitutional Conditions Doctrine applies. Order at 13; *Antunes v. Rector & Visitors of Univ. of Va.*, 627 F. Supp. 3d 553, 566 (W.D. Va. 2022) (Nurse's employment at public university was not a government benefit); *Norris*, 2022 WL 247507, at *4.

Moreover, even if Plaintiffs could allege they were denied some "government benefit," their claim would fail because "a government entity does not impose an unconstitutional condition by enforcing a duly enacted, constitutional law." *Burcham v. City of Los Angeles*, 562 F. Supp. 3d 694, 707 n.4 (C.D. Cal. 2022). The Court has already held that "Gov. Inslee had a rational basis for the Proclamation," such that it is constitutionally valid. Order at 9; *see also Zucht v. King*, 260 U.S. 174, 176 (1922) ("[I]t is within the police power of a state to provide for compulsory vaccination.").[3] Because Plaintiffs "have not plausibly alleged that the state could not directly impose a vaccination requirement as part of the state's police power," they have "failed to allege a required 'predicate' of an unconstitutional conditions claim." *Andre-Rodney v. Hochul*, 618 F. Supp. 3d 72, 85 (N.D.N.Y. 2022). Plaintiffs' request to amend their unconstitutional conditions claim is, therefore, futile.

---

[3] Plaintiffs' request to allege that COVID-19 was not dangerous and the vaccines were not effective, Motion at 7, is contrary to facts this Court properly noticed and the U.S. Supreme Court's recognition that "COVID-19 is a 'highly contagious, dangerous, and . . . deadly disease,'" *Biden v. Missouri*, 595 U.S. 87, 93 (2022); Order at 3-4. The Court can properly disregard, and so need not permit, these proposed allegations. *Hewitt v. Wells Fargo Bank*, No. 3:22-CV-05729-DGE, 2022 WL 17144729, at *3 (W.D. Wash. Nov. 22, 2022).

GOVERNOR JAY INSLEE'S RESPONSE TO PLAINTIFFS'
RULE 59(e) MOTION - 11
3:23-cv-05741-RJB

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

### 4. Plaintiffs' Procedural Due Process Claim Fails

The Court properly denied Plaintiffs' procedural due process claim because they "fail to point to procedural protections that they were due but did not receive." Order at 10. Plaintiffs now seek leave to allege "they were told, essentially, 'No, you cannot refuse without penalty,'" and there was "no appeal process, hearings, or other 'process,' other than being denied benefits and employment." Motion at 8. These purported clarifications do nothing to salvage Plaintiffs' claim.

"The essential requirements of due process . . . are notice and an opportunity to respond," and Plaintiffs received both. *Pilz*, 2022 WL 1719172, at *7 (quoting *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985)). Contrary to Plaintiffs' allegations, the Proclamation specifically required covered employers to evaluate requests for medical and religious exemptions and provide reasonable accommodations, consistent with state and federal antidiscrimination statutes. Procl. 21-14.2 at 5-6. Covered employers further had to "conduct[] an individualized assessment and determination of each individual's need and justification for an accommodation." *Id*. at 6.

For that reason, a court in this district has already held that the Proclamation satisfies this requirement. *Pilz*, 2022 WL 1719172, at *7. As there, "Plaintiffs cannot seriously maintain that they did not have written notice of the vaccine requirement" because "[t]he Proclamation was enacted and widely disseminated on August 9, 2021, and Plaintiffs had until October 18, 2021 to comply." *Id*. And as there, the Proclamation satisfied due process by "creat[ing] a process by which employees could apply for exemptions and accommodations, and essentially 'present [their] side of the story' to avoid termination." *Id*. The Court should deny the Motion.

GOVERNOR JAY INSLEE'S RESPONSE TO PLAINTIFFS'
RULE 59(e) MOTION - 12
3:23-cv-05741-RJB

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

### 5.       Plaintiffs' PREP Act Claim Fails

Plaintiffs also seek to add a new cause of action for "Substantive Due Process Rights under PREP Act." Dkt. 38-2 ¶¶ 274–79. But Plaintiffs have no claim under the PREP Act, and the Court should deny leave to add one.

Again, the PREP Act authorizes the use of certain "covered countermeasures" and provides immunity from suit in connection with their use. 42 U.S.C § 247d-6d(b)(1), (i)(1); *see also supra* subsection III.A.2.b. Accordingly, the PREP Act is typically raised as a *defense*, not an affirmative claim. *See, e.g.*, *Casabianca v. Mount Sinai Med. Ctr.*, No. 112790/10, 2014 WL 10413521, at *4 (N.Y. Sup. Ct. Dec. 2, 2014) (rejecting defendant's assertion that PREP Act preempted plaintiff's malpractice claim).

"[T]he sole exception to the [PREP Act's] immunity from suit and liability . . . [is] an exclusive Federal cause of action against a covered person for death or serious physical injury proximately caused by willful misconduct," which must "be filed and maintained only in the United States District Court for the District of Columbia," and must be accompanied by a physician's affidavit and certified medical records documenting the alleged injury. 42 U.S.C. § 247d-6d(d)(1), (e)(1), (e)(4); *see also Eaton*, 480 F. Supp. 3d at 1191. But Plaintiffs cannot come within this exception because they: (1) have not suffered "death or serious physical injury," 42 U.S.C. § 247d-6d(d)(1); (2) cannot allege Governor Inslee engaged in "willful misconduct"—defined as an action "intentionally to achieve a wrongful purpose . . . knowingly without legal or factual justification; *and* . . . in disregard of a known or obvious risk that is so great as to make it highly probable that the harm will outweigh the benefit," 42 U.S.C. § 247d-6d(c)(1)(A) (emphasis added); (3) have proceeded outside the D.C. District Court, which is the exclusive venue for such a claim, 42 U.S.C. § 247d-6d(e)(1); (4) cannot provide the required documentation of physical

GOVERNOR JAY INSLEE'S RESPONSE TO PLAINTIFFS'
RULE 59(e) MOTION - 13
3:23-cv-05741-RJB

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

injury or death, 42 U.S.C. § 247d-6d(e)(4); and  (5) have not sought compensation from the "Covered Countermeasure Process Fund," which is a prerequisite to brining a PREP Act claim, 42 U.S.C. § 247d-6e(d)(1); *see also Bolton v. Gallatin Ctr. for Rehab. & Healing, LLC*, 535 F. Supp. 3d 709, 720 (M.D. Tenn. 2021) (PREP Act "require administrative exhaustion"). The Court should deny the Motion.

> **6.      The Court Should Reject Plaintiffs' Proposed Changes to Claims the Motion Does Not Address**

The Proposed Second Amended Complaint includes revisions to dismissed claims the Motion does not address: for Outrage, Dkt. #38-2 ¶¶ 308, 311–20, and purported violations of equal protection, *id.* ¶¶ 246–53, substantive due process, *id.* ¶¶ 270–72, and the Spending Clause *id.* ¶ 304. Plaintiffs don't attempt to explain how their proposed amendments overcome the recognized deficiencies in these claims. Order at 8–10, 16. They do not, and the Court should reject Plaintiffs attempt to re-allege these dismissed claims.

## IV.      CONCLUSION

Plaintiffs' untimely Motion offers no basis to revise the Court's order of dismissal and identifies no additional allegations that would state a viable claim for relief. The Court should deny the Motion.

///

GOVERNOR JAY INSLEE'S RESPONSE TO PLAINTIFFS'
RULE 59(e) MOTION - 14
3:23-cv-05741-RJB

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1

2

DATED this 29th day of January, 2024.

3

4

I certify that this motion contains
4,200 words, in compliance with
the Local Civil Rules.

5

PACIFICA LAW GROUP LLP

6

*s/ Zachary J. Pekelis*
Zachary J. Pekelis, WSBA #44557

7

*s/ Kai A. Smith*
Kai A. Smith, WSBA #54749

8

9

*s/ Ian D. Rogers*
Ian D. Rogers, WSBA #46584

10

*s/ Meha Goyal*
Meha Goyal, WSBA #56058

11

12

Special Assistant Attorneys General
*Attorneys for Defendant Governor Jay
Inslee*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750