1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

11

12

13

14

15

| | |
|---|---|
| AILA CURTIS, et al.,<br><br>                Plaintiffs,<br><br>        v.<br><br>JAY ROBERT INSLEE, PEACEHEALTH,<br>LIZ DUNNE, DOUG KOEKKOEK,<br><br>                Defendants. | CASE NO. 3:23-cv-05741-RJB<br><br>ORDER DENYING PLAINTIFFS'<br>VARIOUS MOTIONS AND<br>DISMISSING REMAINING STATE<br>LAW CLAIMS WITHOUT<br>PREJUDICE |

16

17

18

19

20

21

22

23

24

        This matter comes before the Court on the Plaintiffs' Rule 59(E) Motion to Alter or

Amend the Ruling, or in the Alternative, Motion for Leave to File Second Amended Complaint

(Dkt. 38), the Plaintiffs' Motion for Reconsideration (Dkt. 47), and the Plaintiffs' and

Defendants PeaceHealth, Liz Dunne, and Doug Koekkoek's (collectively "PeaceHealth")

responses to the Court's January 23, 2024 order to show cause (Dkts. 44 and 45).  The Court has

considered the pleadings filed regarding the motions, the responses to the order to show cause,

and the remaining file.  It is fully advised.

This case arises from Defendants' COVID-19 vaccine mandates for healthcare workers. Dkt. 8. The healthcare worker Plaintiffs contend that the Defendants violated Plaintiffs' constitutional and international treaty rights, federal statutory rights, and that Defendants breached a contract and committed various state torts in connection with their "unlawful, malicious, unequal and contractually violative COVID-19 investigational drug mandate[s]." *Id.* at 2.

For the reasons provided below, the Plaintiffs' motions (Dkts. 38 and 47) should be denied. The Court should decline to exercise supplemental jurisdiction over the state law claims asserted against the PeaceHealth Defendants, dismiss those state law claims without prejudice, and close the case.

## I.    PROCEDURAL HISTORY AND BACKGROUND FACTS

All claims against Defendant Washington State Governor Jay Robert Inslee were dismissed on December 21, 2023. Dkt. 32. The federal claims asserted against the PeaceHealth Defendants were dismissed on January 23, 2024. Dkt. 41. The January 23, 2024 order also ordered the Plaintiffs and the PeaceHealth Defendants to show cause, if any they have, why the Court should not decline to exercise supplemental jurisdiction over the Plaintiffs' state law claims and dismiss those claims without prejudice. *Id.* The Plaintiffs and PeaceHealth Defendants have responded. Dkts. 44 and 45.

On January 18, 2024, the Plaintiffs filed their motion to alter or amend the December 21, 2023 order dismissing the claims against Gov. Inslee, or in the alternative, to amend their complaint. Dkt. 38. They also filed a motion for reconsideration of the portion of the January 23, 2024 order dismissing the federal claims against PeaceHealth. Dkt. 47.

The background facts and earlier procedural history of this case are in the December 21, 2023 Order Granting Defendant Inslee's Motion to Dismiss (Dkt. 32 at 1-6) and the January 23, 2024 Order on PeaceHealth Defendants' Motion to Dismiss (Dkt. 41 at 1-8) and are adopted here by reference.

This opinion will first consider the Plaintiffs' motion to alter or amend the December 21, 2023 order dismissing all claims against Gov. Inslee (Dkt. 38) and the Plaintiffs' motion for reconsideration of the portion of the January 23, 2024 order that dismissed the federal claims against the PeaceHealth Defendants (Dkt. 47).  It will then turn to the Plaintiffs' motion for leave to file a second amended complaint (Dkt. 38).  This opinion will lastly consider whether the Court should exercise supplemental jurisdiction over the state law claims asserted against the PeaceHealth Defendants.

## II.    DISCUSSION

### A.  MOTION TO ALTER OR AMEND THE DECEMBER 21, 2023 ORDER DISMISSING ALL CLAIMS AGAINST GOV. INSLEE AND MOTION FOR RECONSIDERATION OF THE JANUARY 23, 2024 ORDER DISMISSING THE FEDERAL CLAIMS AGAINST THE PEACEHEALTH DEFENDANTS

#### 1.  Motions

Pursuant to Fed. R. Civ. P. 59(E), the Plaintiffs move to alter or amend the December 21, 2023 Order dismissing the claims asserted against Gov. Inslee regarding the applicability of *Johnson v. Brown,* 567 F.Supp.3d 1230 (D. Or. 2021) and the "non-availability of COMIRNATY®."  Dkt. 38.  The Plaintiffs argue that *Johnson* does not hold that the "Pfizer-BioNTech vaccine is not an [emergency use authorization ("EAU")/Public Readiness and Emergency Preparedness Act ("PREP")] drug."  *Id.* at 2.  They maintain that *Johnson* "actually confirmed that COMIRNATY® and that Pfizer-BioNTech vaccine are two different products

1    governed by two different laws." *Id.*  The Plaintiffs further assert that *Johnson* did not "address

2    what the lack of availability of COMIRNATY® would have on a vaccine mandate."  *Id.*

3          The Plaintiffs move for reconsideration of the January 23, 2024 order dismissing the

4    federal claims against the PeaceHealth Defendants "for the reasons set forth" in their Rule 59(E)

5    Motion to Alter or Amend (Dkt. 38).  Dkt. 47.

6          2.  Standard

7          Fed. R. Civ. P. 59(E) provides, "[a] motion to alter or amend a judgment must be filed no

8    later than 28 days after the entry of the judgment."

9          No judgment has been entered here.  In essence, the Plaintiffs seek reconsideration of the

10   Court's decision to dismiss all claims against Gov. Inslee.

11         Local Rule W.D. Wash 7(h)(1) provides, "[m]otions for reconsideration are disfavored.

12   The court will ordinarily deny such motions in the absence of a showing of manifest error in the

13   prior ruling or a showing of new facts or legal authority which could not have been brought to its

14   attention earlier with reasonable diligence."  Such motions should be filed within 14 days after

15   the order to which it relates is filed.

16         3.  Analysis

17         The Plaintiffs' motion to alter or amend the judgment, functionally a motion for

18   reconsideration of the order dismissing all claims against Gov. Inslee, (Dkt. 38) should be

19   denied.  It is untimely as it was filed over 14 days from the order to which it relates.

20         Further, the motion to reconsider the order dismissing all claims against Gov. Inslee (Dkt.

21   38) and the motion to reconsider the order dismissing the federal claims against the PeaceHealth

22   Defendants (Dkt. 47) should be denied on the merits.  The Plaintiffs have failed to point to a

23

24

1    "manifest error in the prior ruling[s]" or made "a showing of new facts or legal authority which

2    could not have been brought to its attention earlier with reasonable diligence."

3           The Plaintiffs' arguments regarding the applicability of *Johnson* are immaterial to

4    whether the claims against Gov. Inslee or PeaceHealth should be dismissed.  While they again

5    argue that COMIRNATY® was not widely available at the time of Defendants' vaccine

6    mandates, the Plaintiffs fail to explain how that is relevant to the claims they asserted against

7    Gov. Inslee or the federal claims asserted against PeaceHealth, or why it merits reversal of the

8    Court's prior decisions dismissing those claims.

9           Furthermore, the day that the pending motions in this case were noted for consideration

10   (February 23, 2024), the Ninth Circuit Court of Appeals affirmed the *Johnson* district court's

11   separate decision to dismiss the plaintiffs' federal claims as a matter of law.  *Johnson, et. al. v.*

12   *Kotek, et. al.*, 2024 WL 747022, at *2 (9th Cir. Feb. 23, 2024).  (This Court cited the *Johnson*

13   district court's 56-page decision denying plaintiffs' motion for temporary restraining order in the

14   Order Granting Defendant Inslee's Motion to Dismiss.  Dkt. 32 at 4).

15          The plaintiffs in *Johnson* challenged then Oregon Governor Kate Brown and the Director

16   of the Oregon Health Authority's August of 2021 COVID-19 vaccine mandates for state

17   employees, healthcare workers, and school employees.  *Id.*  The *Johnson* plaintiffs asserted

18   several claims, including that the defendants' vaccine mandates were preempted by 21 U.S.C. §

19   360bbb-3(E)(1)(A) under the Supremacy Clause.  The *Johnson* court rejected that challenge

20   noting that the "the Supremacy Clause, of its own force, does not create rights enforceable under

21   § 1983."  *Johnson* at 2.  It held that the availability of the § 1983 remedy under the Supremacy

22   Clause "turns on whether the assertedly pre-empting statute [there and here 360bbb-3(E)(1)(A)],

23   by its terms or as interpreted, (1) creates obligations sufficiently specific and definite to be within

24

1  the competence of the judiciary to enforce, (2) is intended to benefit the putative plaintiff, and (3)

2  is not foreclosed by express provision or other specific evidence from the statute itself." *Id.* at 2

3  (*cleaned up, citations and internal quotation marks omitted*).  The *Johnson* court noted that the

4  plaintiffs' Supremacy Clause claim, based on § 360bbb-3, "falters at the third prong of this test,"

5  because the Food, Drug, and Cosmetic Act ("FDCA") (of which § 360bbb-3 is a part) expressly

6  states that all proceedings to enforce it "shall be by and in the name of the United States." *Id.*

7  (*citing* 21 U.S.C. § 337(a)).  Concluding that the plaintiffs' Supremacy Clause claim was an

8  attempt to use § 1983 to create a federal damages remedy to enforce the requirements of the

9  FDCA, the Ninth Circuit held that the plaintiffs' supremacy clause claim is "foreclosed by an

10 express provision of the FDCA" and was properly dismissed.  *Id.*

11        The Plaintiffs, in their motion for reconsideration, argue that this Court "did not address"

12 the argument in their amended complaint that § 360bbb-3 and the PREP ACT preempt the

13 Defendants' vaccine mandates under the supremacy clause.  Dkt. 38.  To the extent that the

14 Plaintiffs seek relief on a preemption/supremacy clause basis, these claims were not clearly

15 identified as one of the Plaintiffs' "counts" and are not listed as "counts" in the proposed second

16 amended complaint.

17        In any event, pursuant to the Ninth Circuit's decision in *Johnson,* the Plaintiffs'

18 preemption/supremacy clause claims based on § 360bbb-3 should be dismissed with

19 prejudice.  That claim is expressly foreclosed by the FCDA and should be dismissed as a

20 matter of law.  *Johnson* at 2.  Further, the Plaintiffs make no showing that § 1983 is

21 available to provide a remedy for alleged PREP Act preemption violations.  The

22 Plaintiffs' preemption/supremacy clause claims based on § 360bbb-3 or the PREP Act

23 should be dismissed.

24

ORDER DENYING PLAINTIFFS' VARIOUS MOTIONS AND DISMISSING REMAINING STATE LAW
CLAIMS WITHOUT PREJUDICE - 6

1    Moreover, dismissal of the Plaintiffs' preemption claims is consistent with the

2    Third Circuit Court of Appeal's decision in *Children's Health Defense, Inc. v. Rutgers,*

3    *the State Univ. of New Jersey*, 2024 WL 637353 (3rd Cir. Feb. 15, 2024).  The *Rutgers*

4    court held that Section 360bbb-3 does not preempt the university's COVID-19 vaccine

5    mandate because (1) 21 U.S.C. § 360bbb-3 applies to the Secretary of Health and Human

6    Services only and not the defendants and (2) the plaintiffs did not allege sufficient facts

7    to show that the university's mandate conflicted with § 360bbb-3.  *Id.* at 5.  Although

8    they argue in supplemental briefing that the *Rutgers* court erred in so concluding (Dkt.

9    53), the Plaintiffs here fail to point to any Ninth Circuit authority which requires a

10   different result.

11        The Plaintiffs move for reconsideration of the Court's ruling that Gov. Inslee was entitled

12   to qualified immunity on their federal claims.  Dkt. 38.  Their motion should be denied.  The

13   Plaintiffs have failed to point to any grounds from which to conclude that Gov. Inslee's

14   Proclamation violated constitutional or statutory rights that were "clearly established when

15   viewed in the specific context of the case" as is their burden.  *Saucier v. Katz*, 121 S.Ct. 2151,

16   2156 (2001).  The Plaintiffs argue that the Court's reliance on *Seaplane Adventures, LLC v.*

17   *Cnty. of Marin*, 71 F.4th 724 (9th Cir. 2023) in the qualified immunity analysis was in error.

18   Dkt. 38 at 7.  As it relates to qualified immunity, the December 21, 2023 order cited *Seaplane* for

19   the proposition that "even if the only vaccines available at the time were experimental, the Ninth

20   Circuit has cautioned that when governmental actions are 'undertaken during a time of great

21   uncertainty with a novel disease, medical uncertainties afford little basis for judicial responses in

22   absolute terms and that legislative authority must be especially broad in areas fraught with

23   medical and scientific uncertainties.'"  Dkt. 32 (*quoting Seaplane* at 730).  The Plaintiffs argue

24

1    that the parties' actions in *Seaplane* occurred before the COVID-19 vaccines ineffectiveness was

2    known.  Dkt. 38 at 7.  This argument is unrelated to whether there was existing precedent which

3    clearly established that Gov. Inslee's August 2021 COVID-19 vaccine mandate violated the

4    Plaintiffs' statutory or constitutional rights.  Furthermore, the decision to grant Gov. Inslee

5    qualified immunity here is consistent with the Ninth Circuit Court of Appeals ruling in *Johnson*

6    that the Oregon governor and state officials were entitled to qualified immunity against § 1983

7    claims (including for violations of plaintiffs' due process rights) related to their August 2021

8    COVID-19 vaccine mandates.  *Johnson* at 3.

9        The Plaintiffs' motions for reconsideration (Dkts. 38 and 47) should be denied.

10   **B. MOTION TO AMEND THE AMENDED COMPLAINT**

11       1.  <u>Standard</u>

12       Under Fed. R. Civ. P. 15 (a)(2), "a party may amend its pleading only with the opposing

13   party's written consent or the court's leave. The court should freely give leave when justice so

14   requires."  A motion to amend under Rule 15 (a)(2), "generally shall be denied only upon

15   showing of bad faith, undue delay, futility, or undue prejudice to the opposing party."  *Chudacoff*

16   *v. University Medical Center of Southern Nevada,* 649 F.3d 1143 (9th Cir. 2011).

17       "A motion for leave to amend may be denied if it appears to be futile or legally

18   insufficient."  *Miller v. Rykoff-Sexton, Inc.,* 845 F.2d 209 (9th Cir. 1988), *overruled on other*

19   *grounds*.  The test to determine the sufficiency of a proposed amendment is the same as the one

20   used when considering the sufficiency of a pleading challenged under Rule 12(b)(1) or 12(b)(6).

21   *See Id.*

22       Fed. R. Civ. P. 12(b)(6) motions to dismiss may be based on either the lack of a

23   cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.

24

1    *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations

2    are taken as admitted and the complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*,

3    717 F.2d 1295 (9th Cir. 1983).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss

4    does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his

5    entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

6    elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55

7    (2007) (*internal citations omitted*).  "Factual allegations must be enough to raise a right to relief

8    above the speculative level, on the assumption that all the allegations in the complaint are true

9    (even if doubtful in fact)."  *Id*. at 555.  The complaint must allege "enough facts to state a claim

10   to relief that is plausible on its face."  *Id*. at 547.

11            2.   Proposed Second Amended Complaint – Federal Claims

12           The Plaintiffs filed a proposed second amended complaint with their motion to alter or

13   amend the judgment, or in the alternative, for leave to file a second amended complaint.  Dkt.

14   38-2.  It makes the following federal claims: (1) "42 U.S.C. § 1983 – violation of 21 U.S.C.

15   §360bbb-3(e)(1)(A)(ii)(III)," referring to the "CDC COVID-19 Vaccination Program Provider

16   Agreement, and the implementing statutes and regulations found at 45 CFR Part 46, the Belmont

17   Report, 21 U.S.C. § 360bbb-3, Article VI of the [International Covenant on Civil and Political

18   Rights ("ICCPR")] Treaty, Federal Wide Assurance, 10 U.S.C. § 980, EUA Scope of

19   Authorization letters, and the Fourteenth Amendment," (2) "42 U.S.C. § 1983 - Deprivation of

20   Equal Protection Rights," (3) "42 U.S.C. § 1983 - Deprivation of Constitutional Procedural Due

21   Process Rights," (4) "42 U.S.C. § 1983 - Substantive Due Process Rights under 21 U.S.C. §

22   360bbb-3," (5) "42 U.S.C. § 1983 – Substantive Due Process Rights under PREP Act," (6)

23   "Unconstitutional Conditions Doctrine – 42 U.S.C. § 1983," (7) "Deprivation of Rights Under

24

ORDER DENYING PLAINTIFFS' VARIOUS MOTIONS AND DISMISSING REMAINING STATE LAW
CLAIMS WITHOUT PREJUDICE - 9

1   Color of Law - 42 U.S.C. § 1983 Spending Clause Doctrine," (claims 8-11 are state law claims)

2   and (12) an "Implied Private Right of Action 21 U.S.C. § 360bbb-3." Dkt. 38-2.  The proposed

3   second amended complaint also contains two sections referencing preemption and the

4   Supremacy Clause, one regarding 21 U.S.C. § 360bbb-3 and the second regarding the PREP Act

5   (Dkt. 38-2) that can be considered as unnumbered claims.

6       3.  Analysis

7       The Plaintiffs' motion for leave to file a second amended complaint (Dkt. 38) should be

8   denied as futile as to their federal claims.  The Plaintiffs have twice failed to plead legally

9   sufficient federal claims.  Dkts. 32 and 41.  For many of the same reasons stated in the prior

10  orders (Dkts. 32 and 41), the proposed second amended complaint (Dkt. 38-2) also fails to

11  articulate a cognizable federal legal theory upon which relief could be granted.

12      For the reasons stated in the December 21, 2023 order, Gov. Inslee has demonstrated that

13  he is entitled to qualified immunity on all the Plaintiffs' § 1983 claims; there is no showing that

14  he is not entitled to qualified immunity on the Plaintiffs' repackaged § 1983 claims contained in

15  the proposed second amended complaint.  Further, the Plaintiffs' proposed second amended

16  complaint does not plead sufficient plausible facts from which to conclude that the PeaceHealth

17  Defendants were state actors for purposes of § 1983 liability.  Moreover, there are additional

18  grounds from which to conclude that the Plaintiffs' proposed amendment of their federal claims

19  is futile, with more in-depth discussions found in the prior orders (Dkts. 32 and 41):

20      **Federal Claim 1.** As it relates to the first claim, Plaintiffs fail to show that any of the

21  federal statutes, regulations, reports or international treaties they cite in their proposed second

22  amended complaint apply and/or that they create a right enforceable under § 1983 that is

23  available against Gov. Inslee or PeaceHealth.

24

The Plaintiffs point to *Health and Hospital Corp. of Marion County v. Talevski,* 599 U.S. 166 (2023) to argue that they are bringing § 1983 claims for "deprivation of rights created by those statutes;" and seek to amend their complaint to more clearly set forth that they are bringing § 1983 claims not private right of action claims.  Dkt. 38 at 6.

In *Talevski*, the Supreme Court held that a nursing-home resident had unambiguously conferred rights (relating to unnecessary restraint and predischarge notice) under the Federal Nursing Home Reform Act and that those rights were presumptively enforceable under § 1983. 536 U.S. at 184.  It further concluded that there was no showing that Congress intended to preclude the use of § 1983 to enforce those particular rights.  *Id.* at 188.

The Court in *Talevski*  relied on *Gonzaga Univ. v. Doe*, 536 U.S. 273 (2002) for the proposition that "statutory provisions must unambiguously confer individual federal rights" for a presumption of enforceability under § 1983 to arise.  599 U.S. at 180.  Further, the *Talevski* court noted that the presumption may be defeated where Congress evinced an intention that § 1983 was not available to enforce those rights.  *Id.* at 186.

The Plaintiffs' proposed second amended complaint again fails to point to federal law – whether statutory, regulatory, international treaty provisions or some other source - that "unambiguously confer" individual federal rights enforceable under § 1983 which would entitle them to relief here.  (To the extent Plaintiffs base their claims on the Fourteenth Amendment, those arguments are addressed below).  Further, as stated above in Section A.3., the statute mentioned in the title of claim one, "21 U.S.C. § 360bbb-3(e)(1)(A)(ii)(III)," contains an express provision limiting enforcement actions to "a State in its own name" or by the United States. *Johnson* at 2 (*citing* 21 U.S.C. § 337(a)).  Accordingly, even if 21 U.S.C. § 360bbb-3(e) unambiguously conferred individual federal rights which were presumptively enforceable under

§ 1983, Congress evinced an express intention that § 1983 was not available to enforce those rights – only a State or the United States may sue under the statute. *Talevski* at 186.  The Plaintiffs' proposed claim 1 fails to state a claim.  Amendment to add it would be futile.

**Federal Claims 2-5.**  To the extent the Plaintiffs again assert federal constitutional claims under the Fourteenth Amendment's equal protection, substantive due process or procedural due process clauses (claims 2-5), they fail to show that their proposed amendment is not futile.  They again do not state a claim on which relief could be granted.  A rational basis of review applies to these constitutional claims because there is no fundamental right to refuse vaccination based on *Jacobson v. Massachusetts*, 197 U.S. 11 (1905).

**Federal Claim 2**. The Plaintiffs' proposed equal protection claim (claim 2) fails because, their conclusory assertions aside, they have failed to adequately plead facts from which to conclude that the Defendants did not have a rational basis from treating them differently than others in the community.  *See Seaplane* at 729-730.

**Federal Claim 3.**  The Plaintiffs' proposed procedural due process claim (claim 3) fails because the Plaintiffs all had notice of the mandates and contrary to their allegations, both Gov. Inslee's and the PeaceHealth Defendants' vaccine mandates contained opportunities to be heard – processes to request exemptions and accommodations.  Accordingly, the Plaintiffs point to no authority that supports the notion that they were entitled to more process than they were given. *See Pilz v. Inslee,* 2022 WL 1719172 (W.D. Wash. 2022)(holding that Gov. Inslee's vaccine mandate did not violate procedural due process).

**Federal Claim 4.**  The Plaintiffs' motion to add the proposed "42 U.S.C. § 1983 - Substantive Due Process Rights under 21 U.S.C. § 360bbb-3" claim, should be denied as futile because as stated above in Section II.B.3. Federal Claim 1, Congress has expressly foreclosed a §

1983 claim based on "rights" arising from 21 U.S.C. § 360bbb-3. *Johnson* at 2. The Plaintiffs' attempt at recasting the claim as brought with reference to the substantive due process clause does not change the result.

Further, as was true in their prior attempts to assert substantive due process claims, the Plaintiffs have failed to allege sufficient facts from which to conclude that the vaccine mandates implicate fundamental rights and so rational basis review applies. The Plaintiffs have not pointed to properly credited assertions from which to conclude that the Defendants did not have a rational basis for the mandates.

**Federal Claim 5.** The Plaintiffs' proposed "42 U.S.C. § 1983 - Substantive Due Process Rights under the PREP Act" claim, is equally unavailing. The exact nature of Plaintiffs' claim 5 is unclear.

In 2005, Congress passed the PREP Act to encourage the development and deployment of medical countermeasures (such as diagnostics, treatments, and vaccines) by limiting legal liability relating to their administration during times of crisis. *Maney v. Brown*, 91 F.4th 1296, 1298 (9th Cir. 2024).[1] The statute gives "'covered persons' immunity 'from suit and liability' for claims 'caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure.'" *Id.* (*quoting* 42 U.S.C. § 247d-6d(a)(1)). Immunity under the PREP Act "applies to any claim for loss that has a causal relationship with the administration to or use by an individual of a covered countermeasure." *Id.*

In *Maney,* the Ninth Circuit held that Oregon Governor Kate Brown was immune from suit and liability under the PREP Act. 91 F.4th at 1303. In that case, the plaintiff-prisoners

---

[1] After most of the briefing on the present motions was complete, the Ninth Circuit Court of Appeals issued its decision in *Maney.* The parties were given an opportunity to file supplemental briefs on what, if any, impact the case has on the present motions; they did so. Dkts. 46, 49-51. Their supplemental briefing was considered.

1  asserted federal constitutional claims, pursuant to § 1983, related to the governor's COVID-19

2  vaccine policy placing prisoners in a lower tier than prison guards to receive the vaccine.  *Id.*

3  After finding that the statutory requirements for PREP Act immunity were met, the *Maney* Court

4  concluded that "Congress intended to expressly immunize covered persons from § 1983 actions

5  for claims covered by the Act, even if those claims are federal constitutional claims."  *Id.* at

6  1303.

7          To the extent that they are attempting to assert a § 1983 claim using the PREP Act as the

8  source of their federal rights, the Plaintiffs fail to state a claim.  First, they fail to point to a

9  provision of the statute that "unambiguously confer[s] individual federal rights," that is

10  applicable here - which is required for the presumption of enforceability under § 1983 to arise.

11  *Talevski* at 180.  Second, excluding an exception that does not apply here, Congress evinced

12  clear intent that § 1983 was not available to enforce rights under the PREP Act, even federal

13  constitutional claims.  *Maney* at 1303 n.3 (noting that "the PREP Act expressly forecloses § 1983

14  actions for covered claims").  Accordingly, even if the PREP Act "unambiguously" conferred

15  relevant rights on the Plaintiffs, Congress's intention to preclude the types of § 1983 claims

16  asserted here bars the Plaintiffs' claim 5.  *See Id.* at 186.  Amendment to add this claim is futile.

17          **Federal Claim 6**.  In their proposed sixth claim for relief, the Plaintiffs again make an

18  Unconstitutional Conditions Doctrine claim pursuant to § 1983.  Dkt. 38-2.  The conclusion that

19  *Jacobson* controls (that there is no fundamental constitutional right to refuse a vaccination) and

20  that the Plaintiffs failed to state a constitutional claim, is fatal to their proposed unconstitutional

21  conditions doctrine claim.  *Rutgers* at 9.  Leave to add this claim is futile.

22          **Federal Claim 7**.  In their proposed seventh claim for relief, the Plaintiffs again make a

23  spending clause doctrine claim pursuant to § 1983.  Dkt. 38-2.  The Plaintiffs' motion to add a

24

spending clause doctrine claim should be denied.  As was the case with their prior spending

clause doctrine claims, they fail to point to any authority that the spending clause applies to

governors or private employers.  Further, to the extent they point to the spending clause doctrine

as a source of federal rights, they fail to point to a provision that "unambiguously confer[s]

individual federal rights," that are relevant to the facts alleged here - which is required for the

presumption of enforceability under § 1983 to arise, *Talevski* at 180.  Amendment should be

denied.

      **Federal Claim 12**.  In their proposed claim 12 (claims 8-11 are state law claims) the

Plaintiffs again make an "implied private right of action 21 U.S.C. § 360bbb-3" claim.

Amendment to add this claim is futile.  Congress provided that 21 U.S.C. § 360bbb-3

enforcement cases are to be brought by United States only (and under limited circumstances

States). 21 U.S.C. § 337.  The plain language of § 337 expressly forbids private parties from

bringing enforcement suits.  *PhotoMedex, Inc. v. Irwin*, 601 F.3d 919, 924 (9th Cir. 2010).

Accordingly, there is no reason to conclude that Congress intended to create a private cause of

action to prosecute a § 360bbb-3 claim.  *Johnson* at 2.  The Plaintiffs' motion to amend their

amended complaint to add this claim should be denied.

      **Federal Claim - Preemption/Supremacy Clause - Unnumbered.**  To the extent the

Plaintiffs move to amend their amended complaint to seek relief on a preemption/supremacy

clause theory based on § 360bbb-3 or the PREP Act, their motion should be denied as futile.  The

claim based on § 360bbb-3 fails as a matter of law.  *Johnson* at 2.  Further, the Plaintiffs make no

showing that § 1983 is available to provide a remedy for alleged PREP Act preemption

violations.  *Maney* at 1303 n.3 (noting that "the PREP Act expressly forecloses § 1983 actions

for covered claims").  Amendment to include these claims is futile.

4. <u>Motion to Amend Amended Complaint to Add State Claims Asserted Against Gov. Inslee</u>

The Plaintiffs' proposed second amended complaint seeks to reallege state law claims against Gov. Inslee for: outrage (claim 8), breach of contract (claim 9), "Washington State Common Law Employment Torts" (claim 10), and invasion of privacy and defamation of character (claim 11).

**State Law Claim 8.** The Plaintiffs' proposed amendment to re-add a claim for outrage against Gov. Inslee should be denied as futile. The properly credited allegations in the proposed second amended complaint are insufficient from which to conclude that the governor's Proclamation was "beyond all possible bounds of decency" considering the circumstances at the time. *Kloepfel v. Bokor*, 149 Wn.2d 192, 195-96 (2003).

**State Law Claim 9.** The Plaintiffs' motion to re-add their proposed claim for breach of contract asserted against Gov. Inslee should be denied. As stated in the December 21, 2023 Order dismissing this claim, it is undisputed that Gov. Inslee did not sign the Provider Agreement; accordingly he did not agree to be bound by a duty imposed by it. Dkt. 32 at 15-16. While the Plaintiffs state that they want to show that he should be bound, they fail to offer any rational argument or legal authority to support this assertion. Reassertion of a breach of contract claim against Gov. Inslee is futile.

**State Law Claim 10.** The Plaintiffs' motion to re-add their "Washington State Common Law Employment Torts" claim against Gov. Inslee should be denied. There is no creditable allegation that Gov. Inslee was their employer. Addition of this claim is futile.

**State Law Claim 11.** The Plaintiffs propose reasserting a claim for invasion of privacy and defamation of character against Gov. Inslee. They fail to allege sufficient facts to support such claims against him. Their motion to add this claim should be denied.

5. <u>Motion to Amend Amended Complaint to Add State Claims to be Asserted Against the PeaceHealth Defendants</u>

To the extent the Plaintiffs move to amend their amended complaint to clarify their state law claims against the PeaceHealth Defendants, the motion should be denied without prejudice. As stated below in Section II.C., this Court should decline to exercise supplemental jurisdiction over the state law claims asserted against PeaceHealth.

6. <u>Conclusion on Motion for Leave to File a Second Amended Complaint</u>

The Plaintiffs' motion for leave to file a second amended complaint (Dkt. 38) should be denied as to all federal claims and the state law claims asserted against Gov. Inslee. Amendment is futile. The Plaintiffs have had several opportunities to plead these claims and have failed to do so. The motion (Dkt. 38) should be denied without prejudice regarding the state law claims the Plaintiffs are attempting to assert against the PeaceHealth Defendants.

**C. EXERCISE OF SUPPLEMENTAL JURISDICTION**

Pursuant to 28 U.S.C. § 1367 (c), district courts may decline to exercise supplemental jurisdiction over state law claims if: (1) the claims raise novel or complex issues of state law, (2) the state claims substantially predominate over the claim which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. "While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367 (c), it is informed by the values of economy, convenience, fairness, and comity." *Acri v. Varian Associates, Inc*., 114 F.3d 999, 1001 (9th Cir. 1997)(*internal citations omitted*).

Here, two of the four conditions in § 1367(c) are present. All Plaintiffs' claims against Gov. Inslee have been dismissed (Dkt. 32) and all Plaintiffs' federal claims against the

1   PeaceHealth Defendants have been dismissed (Dkt. 41).  Accordingly, this Court has "dismissed

2   all claims over which it has original jurisdiction," and so has discretion to decline to exercise

3   supplemental jurisdiction over the state law claims under § 1367(c)(3).  Moreover, the remaining

4   state claims "raise novel or complex issues of state law" under § 1367(c)(1).  These are issues for

5   which the state court is uniquely suited.  Because state courts have a strong interest in enforcing

6   their own laws, *See Carnegie-Mellon University v. Cohill,* 484 U.S. 343, 352 (1988), the value of

7   comity is served by this Court declining jurisdiction.  Further, the values of economy,

8   convenience, and fairness may well be served by this Court's declining to exercise supplemental

9   jurisdiction.  *See Acri* at 1001.

10          Accordingly, the Court should decline to exercise supplemental jurisdiction over the

11  Plaintiffs' state law claims asserted against the PeaceHealth Defendants.  Those claims should be

12  dismissed without prejudice.  The PeaceHealth Defendants' Motion to Dismiss Plaintiffs'

13  Amended Complaint (Dkt. 30) should be denied without prejudice as it relates to the Plaintiffs'

14  state law claims. This case should be closed.

## III.    ORDER

16  It is **ORDERED** that:

17  - The Plaintiffs' Rule 59(E) Motion to Alter or Amend the Ruling (Dkt. 38) and Motion for

18      Reconsideration (Dkt. 47) **ARE DENIED;**

19  - The Plaintiffs' Motion for Leave to File a Second Amended Complaint (Dkt. 38) **IS:**

20      - **DENIED** as to all federal claims and the state law claims against Gov. Inslee, and

21      - **DENIED WITHOUT PREJUDICE** as to the Plaintiffs' state law claims against

22          the PeaceHealth Defendants,

23

24

- The Court **DECLINES TO EXERCISE** supplemental jurisdiction over the Plaintiffs' state law claims that are asserted against the PeaceHealth Defendants;
  - The Plaintiffs' state law claims that are asserted against the PeaceHealth Defendants **ARE DISMISSED WITHOUT PREJUDICE;**
  - The PeaceHealth Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (Dkt. 30) **IS DENID WITHOUT PREJUDICE** as it relates to the Plaintiffs' state law claims; and
- This case **IS CLOSED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 27th day of February, 2024.

ROBERT J. BRYAN
United States District Judge

ORDER DENYING PLAINTIFFS' VARIOUS MOTIONS AND DISMISSING REMAINING STATE LAW CLAIMS WITHOUT PREJUDICE - 19